**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**

**CIVIL CASE NO. 2:08cv34**

| | |
|---|---|
| TIMOTHY A. PRESSLEY,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  vs.  )<br>  )<br>MICHAEL J. ASTRUE,  )<br>Commissioner of Social Security,  )<br>  )<br>  Defendant.  )<br>_____  ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act. [Doc. 18].

**I.     PROCEDURAL HISTORY**

The Plaintiff Timothy A. Pressley initiated this action on December 11, 2008, seeking review of the denial of his claim for benefits by the Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner") under the Social Security Act. [Doc. 1]. The Commissioner filed an Answer to the Plaintiff's Complaint on February 25,

2009. [Doc. 9]. Thereafter, the Plaintiff filed a motion for summary judgment on the basis of the administrative record. [Doc. 12]. The Government in response consented to remand. [Doc. 14]. On May 29, 2009, the Court entered an Order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 16].

The Plaintiff now moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $4,583.52. The Plaintiff further requests that the Court allow him 60 days after being served with notice of an award of past-due benefits to file for fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). [Doc. 19]. In response, the Government states that the parties have agreed to the amount of $4,500.00 for attorney's fees to be made payable to the Plaintiff, provided that this is the only motion filed by the Plaintiff in this case pursuant to the EAJA. [Doc. 20].

II. ANALYSIS

Under the EAJA, the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. §

2

2412(d)(1)(A).  Because the Court ordered this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the Plaintiff is properly considered a "prevailing party" in this action.  See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

In the present case, the Commissioner does not contest the Plaintiff's request for fees.  In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that its position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

Having determined that the Plaintiff is entitled to an award, the Court now turns to the issue of the amount of fees to be awarded.  The parties have agreed that the Plaintiff should be awarded a total of $4,500.00 in attorney's fees.  In support of this request, the Plaintiff submits documents showing the Consumer Price Index for March 1996 and May 2009, respectively, as well as affidavits of counsel and billing records detailing the hours claimed by counsel and paralegals in preparing this case.  [Docs. 19-2 to 19-6].

Under the EAJA, an award of attorney's fees must be "reasonable," both with respect to the hourly rate charged and the number of hours claimed. See Hyatt v. Barnhart, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The Court has broad discretion to determine what constitutes a reasonable fee award. See 28 U.S.C. § 2412(b); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991) (per curiam).

With regard to an attorney's hourly rate, the EAJA provides, in pertinent part, as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The decision to grant an upward adjustment of this statutory cap is a matter within the Court's sound discretion. Payne v. Sullivan, 977 F.2d 900, 901 (4th Cir. 1992).

The Consumer Price Index data published by the Bureau of Labor Statistics reflects that the cost of living increased from 155.7 in March 1996, the date that the statutory rate of $125 per hour was established, to 213.86 in May 2009, the date of the Court's Judgment remanding this

case, an increase of 37.35%.  The Court finds that this increase in the cost of living justifies a corresponding increase in the hourly rate in this case.  The Court further finds that this higher hourly rate is consistent with the prevailing market rates for services charged by lawyers of similar talents and experience in this District.  Accordingly, the Court concludes that the Plaintiff is entitled to an award of attorney's fees based upon an hourly rate of $171.69.

The Plaintiff also claims fees for paralegal services performed at the hourly rate of $65.00 per hour.  The Court finds and concludes that the claimed hourly rate for this work is in keeping with "prevailing market rates" for paralegals in this District.  See Richlin Sec. Serv. Co. v. Chertoff, – U.S. –, 128 S.Ct. 2007, 2012, 170 L.Ed.2d 960 (2008).

Furthermore, upon careful review of counsel's time sheets and affidavits, the Court finds that the number of hours claimed by the Plaintiff's attorneys and paralegal staff are reasonable.  Based upon a reasonable hourly rate of $171.69 per hour for 25.75 attorney hours spent and the reasonable hourly rate of $65.00 per hour for 2.50 paralegal hours spent, the Court concludes that the Plaintiff's requested fee, as reduced by agreement of the parties, is justified.

5

The Plaintiff requests that the fee award be paid directly to his attorney. [Doc. 18]. In support of this request, the Plaintiff submits an executed assignment purporting to assign any and all EAJA fees to which he is entitled to his attorneys. [Doc. 18 at 3].

The federal circuits are split as to whether EAJA fees may be awarded directly to a prevailing party's attorney. Some courts have held that EAJA fees are payable only to the prevailing claimant, and thus, such fees are subject to administrative offset for any other non-tax debts that the claimant owes to the Government. See Reeves v. Astrue, 526 F.3d 732, 738 (11th Cir.), cert. denied, 129 S.Ct. 724, 172 L.Ed.2d 730 (2008); Manning v. Astrue, 510 F.3d 1246, 1252 (10th Cir. 2007), cert. denied, 129 S.Ct. 486, 172 L.Ed. 355 (2008). Other courts have held that EAJA fees may be awarded directly to the prevailing party's attorney and cannot be used to offset the claimant's debt. See Ratliff v. Astrue, 540 F.3d 800, 802 (8th Cir. 2008), cert. granted, – S.Ct. –, 2009 WL 1146426 (Sep. 30, 2009); King v. Comm'r of Soc. Sec., 230 F. App'x 476, 481 (6th Cir. Mar. 28, 2007). Recently, the Fourth Circuit adopted the position of the Tenth and Eleventh Circuits in holding that an award of EAJA fees is payable only to

the claimant as the prevailing party, not the claimant's attorney.  See Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 137 (4th Cir. 2009).

The Fourth Circuit has not specifically addressed whether a court may order the payment of a fee award directly to a prevailing party's attorney where the party has executed a valid assignment of any interest in such award.  The Tenth Circuit, however, has concluded that a district court is not obligated to acknowledge such assignment, reasoning that a private contractual arrangement between a claimant and his counsel for the assignment of fees "does not overcome the clear EAJA mandate that the award is to [the claimant] as the prevailing party."  Winslow v. Astrue, 269 F. App'x 838, 839 (10th Cir. Mar. 18, 2008).  The Court finds the reasoning of the Tenth Circuit to be persuasive and most consistent with the Fourth Circuit's reasoning in Stephens.  Accordingly, the Court concludes that the award of EAJA fees must be awarded directly to the Plaintiff in this case, not the Plaintiff's attorneys.

Finally, the Plaintiff also requests an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).  Pursuant to that statutory provision, "a prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due

benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 792, 122 S.Ct. 1817, 1820, 152 L.Ed.2d 996 (2002). Fee awards may be made under both the Social Security Act and EAJA, "but the claimant's attorney must refund to the claimant the amount of the smaller fee." Id. at 796, 122 S.Ct. at 1822 (citations and alterations omitted).

It is yet to be determined whether the Plaintiff is entitled to past-due benefits. For this reason, the Court cannot make a determination at this time as to whether an award of fees under § 406(b) would be appropriate. In the event that past-due benefits are awarded on remand, the Plaintiff shall be allowed sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to 42 U.S.C. § 406(b).

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act and the Social Security Act [Doc. 18] is hereby **GRANTED** and the Clerk of Court shall enter judgment in favor of the Plaintiff and against the Defendant in

the amount of $4,500.00 for attorney's fees and expenses awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that in the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that no additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**IT IS SO ORDERED.**

Signed: October 29, 2009

Martin Reidinger
United States District Judge